UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TANG PHOEURK,
                          Petitioner,

                                                    CIVIL ACTION
            v.                                      NO.  04-10266-JLT
JOHN D. ASHCROFT, et al.
                          Respondents.

MEMORANDUM AND ORDER OF DISMISSAL

TAURO, D. J.

        For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

        On February 9, 2004, counsel for petitioner Tang Phoeurk, an immigration detainee

currently being held at the Suffolk County House of Correction, filed a petition for a writ of

habeas corpus under Section 2241 and submitted the $5 filing fee.  Periera, a native of

Cambodia, contends that he was ordered removed on September 13, 1996, and taken

into custody on August 26, 2002, by what is now known as the Bureau of Immigration and

Customs Enforcement ("BICE").[1]  Petition ¶¶ 1,6,13.  The grounds for the removal order

was Mr. Phoeurk's "aggravated felony" conviction.  Id. at ¶ 5.

        Phoeurk contends that his continued detention by BICE is unlawful under Zadvydas

v. Davis, 533 U.S. 678 (2001) because, despite the existence of a March 2002

Memorandum of Understanding ("MOU") entered into by the United States and Cambodia,

his repatriation is not "reasonably foreseeable."  Id. at ¶¶ 7, 14, 18-24.  This is the second

habeas petition filed in this Court concerning Mr. Phoeurk's detention.  In March 2003, Mr.

Phoeurk filed a habeas petition pro se.  Phoeurk v. INS, C.A. No. 03-10508-JLT.  In June

--------

[1]The Homeland Security Act of 2002 dissolved the Immigration and Naturalization
Service and transferred its functions into the Department of Homeland Security ("DHS"),
effective March 1, 2003.  See Pub. L. No. 107-296, §§ 402, 441, 471, 116 Stat. 2135,
2177-78, 2192, 2205; 6 U.S.C. §§ 202, 251, 291.  Following this restructuring, the INS
functions relevant to this case were transferred to the DHS Bureau of Immigration and
Customs Enforcement.

2003, I granted the respondent's motion to dismiss because Mr. Phoeurk did not oppose it.  <u>See</u> 03-10508-JLT Docket.  In the motion to dismiss, the respondent claimed that Mr. Phoeurk's removal was "reasonably foreseeable" due to the existence of the MOU.  <u>See id.</u>

On February 11, 2004, counsel for the Department of Homeland Security filed a motion to dismiss and a notice of intent to remove Mr. Phoeurk on March 2, 2004.

<u>ANALYSIS</u>

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period."  8 U.S.C. § 1231(a)(1)(2).  Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including those convicted of aggravated felonies, may continue to be detained after the 90-day removal period.  <u>Id.</u> § 1231(a)(3), (6).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  <u>Id.</u> 533 U.S. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  <u>Id.</u> at 699-700.

Under this formulation, where removal is imminent, due process is not implicated and an alien has failed to state a <u>Zadvydas</u> claim for relief.  <u>Wang v. Ashcroft</u>, 320 F.3d 130, 145 (2d Cir. 2003).  According to the notice submitted by respondents, Mr. Phoeurk's removal appears to be imminent.  Thus, this petition for a writ of habeas corpus must be

dismissed.  See Wang, 320 F.3d at 145.  However, this dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.


    2/25/04                          s/ Joseph L. Tauro
DATE                              UNITED STATES DISTRICT JUDGE

3